206 P.2d 569

**MILLER v. HELLER.**

No. 5156.

Supreme Court of Arizona.

May 23, 1949.

Charles E. McDaniels, and John R. Franks, Prescott, for appellant.

Byrne & Byrne, Prescott, for appellee.

PHELPS, Justice.

The above entitled cause comes to this court on an appeal from an order of the Superior Court of Yavapai County grant-ing a writ of prohibition against appellant P. H. Miller, Judge of the Recorder's Court of the city of Prescott prohibiting him from proceeding further in the criminal case of The Mayor and Common Council of the City of Prescott v. Lloyd E. Heller. The defendant in that case is charged in said proceedings with the violation of section 66-403, A.C.A. 1939, relating to reck-less driving on a public highway. The record does not disclose upon what ground the writ was made permanent.

Appellant has presented two assignments of error, the first being that the trial court erred in denying his motion to quash the writ of prohibition upon the ground that the Recorder's Court of the city of Pres-cott had jurisdiction to try the case in question. Second, that the trial court erred in making its writ of prohibition permanent upon the same ground. The primary ques-tion then is, does the Recorder's Court of the city of Prescott have jurisdiction under the law as it now stands to try a person charged with reckless driving under the provisions of section 66-403, A.C.A. 1939, hereinafter set forth?

As incident to this issue and arising out of it there is the further question: Con-ceding that the Recorder's Court does have jurisdiction to try said cause, may it be prosecuted in the name of the Mayor and Common Council of the city of Prescott as provided in section 12 of article 5 of the charter? The answer to these questions must be found in the pertinent provisions

of the statutes and constitution hereinafter set forth.

The facts are that the city of Prescott was incorporated by a special act of the territorial legislature of Arizona in 1883, Ch. 37, Acts of 1883, 12th Ter.Leg. The act itself constitutes the charter of said city of Prescott under which it has continued to function until the present time.

The act incorporating said city of Prescott was approved on February 27, 1883. Shortly thereafter the legislature evidently discovered that it had failed to expressly create a Recorder's Court for the city in said charter although it had fully defined its jurisdiction, powers and authority therein. Therefore on March the 3rd, 1883, Ch. 49, Acts of 1883, 12th Ter.Leg., it approved what it denominated an amendment or supplement to the original act, creating a Recorder's Court and expressly gave to it the same jurisdiction in criminal matters as were then or may thereafter be conferred on justices of the peace and justice courts. Sections 10 and 11 of article 5 of the charter, having already conferred jurisdiction upon said Recorder's Court the supplemental act did not have the effect of conferring further jurisdiction upon it. Section 10, supra, provides in part as follows: "The Recorder's Court of said city as to all offenses committed within such limits, to which the jurisdiction of said Court by this Act is declared to extend, whether against the laws of the Territory, or the ordinances, resolutions, rules and regulations of this city, shall have the same jurisdiction, power and authority as is now or may be hereafter conferred upon Justices of the Peace, or Justices' Courts, in and for said townships whereof said city may form a whole or a part, * * *."

The Congress of the United States in 1886 passed what is known as the Harrison Act. Section 1 thereof, 48 U.S.C.A. § 1471, prohibited the legislatures of territories from passing local or special laws relating to certain subject matters named therein and, insofar as material here, it prohibited the legislature of the territory of Arizona from thereafter

(b) "Regulating the jurisdiction and duties of justices of the peace, police magistrates, and constables. * * *"

(c) "Incorporating cities, towns, or villages, or changing or amending the charter of any town, city, or village."

In 1891 by an act of the territorial legislature of Arizona, No. 28, sec. 1, Acts of 1891, 16th Ter.Leg., the following law was passed:

"Restricting the Jurisdiction of Police Judges, Mayors and City Recorders of Incorporated Cities.

"Be it enacted by the Legislative Assembly of the Territory of Arizona:

"Section 1. No Police Judge, Mayor or City Recorder of any incorporated city in the Territory of Arizona, shall have any jurisdiction in any case, except such juris-

diction as may be conferred upon such Police Judge, Mayor or City Recorder by the charter of an incorporated city."

Section 1939 of the 1913 Revised Statutes of Arizona created and established a police court for each of the incorporated cities and towns incorporated under the general laws of the state giving it jurisdiction of cases arising under the ordinances of such city or town.

Section 438, R.C.A. 1928, provides in part that: "* * * There is hereby established for each of the cities and towns, incorporated under the general laws of this state, a police court * * *."

giving to it jurisdiction of all cases arising under the ordinances of the city or town in which it is established and concurrent jurisdiction with justices of the peace in the precincts where said city is established over all violations of the laws of the state committed within the limits of said precinct, etc. Section 438, R.C.A. 1928, became section 16-1101, A.C.A. 1939, and was revised to read: "Establishment—Jurisdiction.— In such city or town incorporated under the general laws of this state there shall be a police court. Said court, and every police court established by a city incorporated under the provisions of article 3, chapter 12, shall have jurisdiction of all cases arising under the ordinances of the city or town, and shall have a concurrent jurisdiction with justices of the peace in the precincts where said city or town is established over all violations of the laws of the state com-

mitted within the limits of said city or town."

In 1946 the legislature again amended this section to read as follows: "Establishment—Jurisdiction.—In each city or town incorporated under the general laws of this state, there shall be a police court. Said court, and every police court established by or within a city incorporated under the provisions of article 3 of this chapter, or incorporated under the provisions of any special act or charter, shall have jurisdiction of all cases arising under the ordinances of the city or town, and shall have concurrent jurisdiction with justices of the peace in the precincts where said city or town is established, over all violations of the laws of the state committed within the limits of said city or town." Chap. 4, sec. 1, 2d S.S., 1946.

Article 4, part 2, section 19(17) of the constitution of Arizona prohibits amendment of a city charter by special law.

Article 22, section 2 thereof provides that: "(Existing laws.)—All laws of the territory of Arizona now in force, not repugnant to this constitution, shall remain in force as laws of the state of Arizona until they expire by their own limitations or are altered or repealed by law; Provided, that wherever the word territory, meaning the territory of Arizona, appears in said laws, the word state shall be substituted."

The charter provision found in the special act of the territorial legislature ap-

proved February 27, 1883, supra, incorporating the city of Prescott, vested jurisdiction in the Recorder's Court to try cases arising under the state statutes such as the one now before us. There cannot be the slightest doubt about the accuracy of this statement. The supplement to said act approved March 3, 1883, as above stated was enacted for the sole purpose of expressly creating a Recorder's Court. Nothing contained therein had the effect of adding to or divesting said Recorder's Court of the jurisdiction granted to it under the provisions of sections 10 and 11 of the charter above set forth.

It follows that unless this jurisdiction has been withdrawn by constitutional or legislative edict that it is still vested with jurisdiction to try the case in question.

█ Counsel for appellee contends that the act of the territorial legislature passed in 1891, supra, was enacted to carry out the provisions of the Harrison Act. In order that there may be no mistake as to the contents of this Act we will again set up the pertinent provision thereof haec verba: "No Police Judge, Mayor or City Recorder of any incorporated city in the Territory of Arizona, shall have any jurisdiction in any case, *except such jurisdiction as may be conferred upon such Police Judge, Mayor or City Recorder by the charter of an incorporated city.*" (Emphasis supplied.)

As we have pointed out the charter of the city of Prescott, at the time of the enactment of this law, had expressly granted to the Recorder's Court the same jurisdiction, power and authority as is now or may be hereafter conferred upon justices of the peace, or justice courts in and for said townships whereof said city may form a whole or a part. We look in vain for language in the above statute to justify appellee's contention. On the contrary, we find that by clear and concise language it expressly excepted the Recorder's Court of the city of Prescott from its operation and consequently did not have the effect of reducing or enlarging the jurisdiction of said court.

█ Counsel for appellee makes some claim to the effect that article 22, section 2, of the constitution of Arizona in some way affects the jurisdiction of the Recorder's Court. If we understand it, his claim is that the jurisdiction of the Recorder's Court being vested by its charter at the time the constitution was adopted, the legislature could never thereafter under any circumstances change it. That is not the effect of said provisions. The sole purpose and intent of that section of the constitution was to give recognition of validity to all territorial statutes and providing that they should continue to be operative and valid until altered or repealed by law. If the above conclusions are correct and we believe there is no logical escape from them it follows that the Recorder's Court of the city of Prescott has now and has at all times had, since 1883, concurrent jurisdiction with justices of the peace in the pre-

cinct in which the city of Prescott forms a whole or a part to try cases of this character arising under the statutes of the state. Under the provisions of section 20-102, A.C.A. 1939, justices of the peace have jurisdiction in criminal cases, other than felony cases, where the punishment is by fine not exceeding $300 or imprisonment in the county jail not exceeding six months or by both such fine and imprisonment.

Section 66-403, A.C.A. 1939, relating to reckless driving and under which the proceedings were instituted against the said Lloyd E. Heller, provides for a fine of not less than $25 nor more than $250 or by imprisonment in the county jail of not less than five nor more than ninety days or by both such fine and imprisonment. A justice of the peace therefore, under the above sections of law, has jurisdiction to try said cause. It follows then that the Recorder's Court of the city of Prescott has jurisdiction to try this character of a case arising under the state statutes.

While we are of the opinion that section 16-1101, as amended in 1946, supra, is a general and not a special law, in view of the foregoing conclusion and in view of the fact that the criminal case here involved was tried by the Recorder's Court created under the provisions of the Act of 1883, supra, and not by a police court created under section 16-1101, as amended, supra, we deem it unnecessary to consider its effect upon the rights of the parties to this cause of action. A discussion thereof can serve no useful purpose.

This leaves the question of whether or not the prosecution of appellee may be maintained in the name of the Mayor and the Common Council of the city of Prescott. Article 6, section 20 of the Arizona constitution provides: "(Style of Process.) —The style of all process shall be 'The State of Arizona,' and all prosecutions shall be conducted in the name of the State of Arizona and by its authority."

The constitution of this state, second only to the constitution of the United States, is the supreme law of Arizona. Any act of the legislature passed before or after its adoption which contravenes its provisions must fall. Article 5, section 12, of the charter of the city of Prescott contravenes the provisions of Article 6, section 20, of said constitution. This provision of the constitution had the effect of amending section 12 of the charter and requires that all prosecutions instituted by the city of Prescott for the violation of any city ordinance or state statute, criminal in character, shall be prosecuted in the name of the State of Arizona.

The Mayor and Common Council having no right to prosecute in their names said cause of action against appellee, the order and judgment of the trial court making said writ of prohibition permanent is

Affirmed.

UDALL, STANFORD and DECON-CINI, JJ., and RUSSELL, Superior Judge, concurring.

·Chief Justice LaPRADE ·being ill, the Honorable H. L. RUSSELL, Judge of the Superior Court of Coconino County was called to sit in his stead.