642 P.2d 488

**Thomas DORGAN, Constable, Pima County Justice Precinct No. 5, and Jack De-Schallet, Constable, Pima County Justice Precinct No. 2, Plaintiffs/Appellants,**

v.

**PIMA COUNTY, Arizona, a body politic, Defendant/Appellee.**

**No. 2 CA–CIV 4151.**

Court of Appeals of Arizona, Division 2.

March 3, 1982.

Quigley & Quigley, P. C. by John M. Quigley, Tucson, for plaintiffs/appellants.

Stephen D. Neely, Pima County Atty. by Steven L. Bosse, Tucson, for defendant/appellee.

OPINION

HOWARD, Chief Judge.

The issue in this case is whether appellants, duly elected constables of Precincts 2 and 5 of Pima County, Arizona, are entitled to an increase in salary granted by the Pima County Board of Supervisors.

There are six justice precincts in Pima County and each has a constable. Appellants were elected to office in November 1978, and took office on January 1, 1979, for a term of four years. They both served in precincts which, because of size, entitled them to the maximum salary which can be granted to a constable. See A.R.S. § 11–424.01(B), as amended. When they took office, they were making less than the maximum allowed by statute. On June 9, 1980, the board of supervisors increased the salary of constables to the statutory maximum. The county refused to grant appellants' re-

quest for a raise in their salaries because of the provisions of Art. 4, part 2, § 17 of the Arizona Constitution which provides that with certain exceptions, none of which apply to appellants, the board cannot increase the salary of a public officer during his term of office.

Appellants filed a special action in the superior court seeking an order directing the county to grant them the increase ordered by the board. The trial court denied relief.

Appellants contend certain statutes mandate the granting of the pay raise. The constitutional provisions are clear and unambiguous. It is elementary that the Arizona Constitution, second only to the United States Constitution, is the supreme law of Arizona, and any act of the legislature passed before or after adoption of the Arizona Constitution which contravenes the Arizona Constitution must fall. *Miller v. Heller*, 68 Ariz. 352, 206 P.2d 569 (1949).

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.